NOT FOR PUBLICATION                                          [Dkt. 6]

<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>
<u>CAMDEN VICINAGE</u>

| | |
|---|---|
| ELIZABETH FLAMINI,<br><br>     Plaintiff,<br><br>v.<br><br>JENNIFER VELEZ, COMMISSIONER, NEW JERSEY DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>     Defendants. | Civil No. 1:12-cv-07304 (RMB/JS)<br><br>**OPINION** |

<u>Appearances</u>

Jane M. Fearn-Zimmer
The Rothkoff Law Group
911 Kings Highway South
Cherry Hill, NJ 08034
     Attorneys for Plaintiff

Jennifer Lauren Finkel
State of New Jersey
Office of the Attorney General
P.O. Box 112
25 Market Street
Trenton, NJ 08625
     Attorneys for Defendant

**Bumb**, UNITED STATES DISTRICT JUDGE:

     Plaintiff Elizabeth Flamini (the "Plaintiff") has moved for a preliminary injunction enjoining Defendants Jennifer Velez (in her capacity as Commissioner of the New Jersey Department of Human Services) and Defendant Valerie Harr (in her capacity as

1

the Director of Medical Assistance and Health Services) (collectively, the "Defendants") from:

    (1)    treating an annuity purchased by her husband Angelo Flamini, Sr. ("Mr. Flamini") as a disposal of assets for less than fair market value under 42 U.S.C.S. § 1396p(c)(1)(F) (Lexis 2009); and

    (2)    counting the annuity as an available asset under 42 U.S.C.S. § 1396p(c)(1)(G) (Lexis 2009) in determining her eligibility for Medicaid.

For the reasons set forth below, Plaintiff's motion is GRANTED, in part, and DENIED, in part.

I.    BACKGROUND

In 2010, Flamini entered a skilled nursing care facility in Cherry Hill, NJ for various medical conditions. (Docket No. 17, p. 2). When Plaintiff entered the facility, her and her husband's assets included two individual retirement accounts and a tax-qualified savings account, all in the name of Mr. Flamini. (Id.)

On February 28, 2011, Mr. Flamini liquidated these accounts and used the proceeds to purchase a single individual retirement annuity from Genworth Life Insurance Company ("Genworth") for $215,256.51. (Id. at pp. 2-3.) The Annuity was issued in Mr. Flamini's name and calls for monthly income payments of $3,596.35 for a term of five years, beginning on March 28, 2011, [Docket. No. 1, pp. 28] and lists the State of New Jersey as the

primary remainder beneficiary up to the full amount of medical payments made on behalf of Flamini. (Id. at 22.)

The Annuity indicates that: (1) ownership of the Annuity is assignable with Genworth's prior consent (Id. at 30); (2) the owner, Mr. Flamini, has the right to change the owner, payee, and beneficiary, subject to the consent of any irrevocable payee or beneficiary (Id. at 32); (3) the owner may take a lump sum payment advance of up to 12 months of regular payments (Id. at 35); and (4) the owner may revoke the Annuity for any reason within 20 days of purchase. (Id. at 46).

However, an endorsement attached to the Annuity (the "Endorsement") indicates that: (1) all provisions should be interpreted in accordance with the requirements of § 408(b) of the Internal Revenue Code which requires, among other things, that annuities are nontransferable and irrevocable (Id. at 37); (2) to the extent that the Endorsement and Annuity conflict, the Endorsement controls (Id.); (3) the Annuity is nontransferable, nonforfeitable, and cannot be sold or assigned. Finally, a letter from the Internal Revenue Service ("IRS") is attached to the Annuity. (Id. at 48). The letter opines that the prototype annuity from which the Annuity is based would likely be compliant with § 408 of the Internal Revenue Code.  (Id. at 48).

On June 3, 2011, Flamini applied for Medicaid with the Camden County Welfare Agency (the "CWA"). [Docket No. 17 at 7].

3

In determining Medicaid eligibility for a married individual that is institutionalized, like Plaintiff, the CWA considers the individual's own income and the couple's joint resources. 42 U.S.C. § 1396r-5. On January 28, 2013, Flamini was issued a determination that she was not eligible for Medicaid based on her available resources level. (Complaint at 54-56). The denial states that the Annuity was being counted as an available asset. (Docket No. 17 at 54-56.) There is no dispute that, if it was not counted, Plaintiff would have been eligible for Medicaid.

In this action, Plaintiff appeals that determination. Through this motion, she seeks to enjoin Defendants from: (1) treating the Annuity as a disposal of assets for less than fair market value; and (2) considering the annuity in its asset calculation.

II.  <u>Legal Standard</u>

In determining whether to grant a preliminary injunction, the Court must consider: (1) the movant's likelihood of success on the merits; (2) the probability of irreparable harm to the moving party if immediate relief is not granted; (3) the potential harm to the non-moving party; and (4) the public interest. <u>Kraft Power Corp. v. General Elec. Co.</u>, 11-6073, 2011 WL 6020100, at *3 (D.N.J. 2011) (citing <u>Allegheny Energy Inc. v. DOR. Inc.</u>, 171 F.3d 153, 158 (3d Cir. 1999)).

III. <u>Analysis</u>

The Court considers each of Plaintiff's claims for relief in turn.

### A.  Plaintiff's Claim that the Annuity is not a Disposal of Assets for Less than Fair Market Value

Plaintiff first seeks to enjoin Defendants from treating the Annuity as a disposal of assets for less than fair market value pursuant to 42 U.S.C. § 1396p(c)(1)(F). The Court will deny this aspect of Plaintiff's motion because it is not yet ripe for review. Under the ripeness doctrine, courts consider whether a case is ripe based on two factors: (1) its fitness for judicial review; and (2) hardship to the parties. Feldmeister v. Officer of Attorney Ethics, 856 F.2d 529, 535 (3d Cir. 1998). In considering the former, courts consider whether the agency action is final, whether the issue is one of law, whether the issue requires additional factual development, and whether further administrative action is needed to clarify the agency's position. Id. at 536-36. In considering the latter, a party's hardship in deferring review must be immediate and significant. Id. at 537. "[J]udicial review is premature when an agency has yet to complete its work by arriving at a definite decision." Id. 535-36 (3d Cir. 1998). And "[c]laims based merely upon assumed potential invasions of rights are not enough to warrant judicial intervention." Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004).

5

Here, review is plainly premature. With respect to the issue's fitness for review, the issue is a mixed question of law and fact, Defendants have not yet made any final determination as to the applicability of that section at issue, and the issue has only been minimally addressed in Defendants' briefing. With respect to hardship to denying review, there is no significant hardship because, as described below, Plaintiff will receive Medicaid coverage in the interim, and Defendants will be protected by the posting of a bond. Accordingly, both fitness and hardship considerations militate strongly in favor of deferring consideration of this issue due to lack of ripeness.

Therefore, to the extent Plaintiff's motion seeks review of this issue, the motion is DENIED for lack of ripeness.

### B. Plaintiff's Claim that the Annuity is Not an Available Asset

Plaintiff's second claim is that the Annuity should not be counted as an available asset in Plaintiff's Medicaid eligibility determination. The Court addresses each preliminary injunction factor in turn and finds that a preliminary injunction on this claim is warranted.

#### 1. Likelihood of Success on the Merits

To establish a likelihood of success on the merits, "the moving party need not demonstrate that its entitlement to a final decision after trial is free from doubt. Rather, the

moving party must demonstrate a reasonable probability of eventual success in the litigation." <u>Freightliner Inc. v. Freightliner Corp.</u>, 987 F. Supp. 289, 295 (D.N.J. 1997) (internal quotations omitted). The issue here is whether Flamini will be able to prove that the Annuity should not be counted as an available resource.

Both parties cite to 42 U.S.C. §1396p(c)(1)(G) as the relevant provision governing whether an annuity is treated as an available resource for this purpose. It provides:

> For purposes of this paragraph with respect to a transfer of assets, the term "assets" includes an annuity purchased by or on behalf of an annuitant who has applied for medical assistance with respect to nursing facility services or other long-term care services under this subchapter unless--
> **(i)** the annuity is—
>
>   **(I)** an annuity described in subsection (b) or (q) of section 408 of the Internal Revenue Code of 1986 [26 USCS § 408]; or
>
>   **(II)** purchased with proceeds from—
>   (aa) an account or trust described in subsection (a), (c), or (p) of section 408 of such Code [26 USCS § 408];
>   (bb) a simplified employee pension (within the meaning of section 408(k) of such Code [26 USCS § 408(k)]); or
>   (cc) a Roth IRA described in section 408A of such Code [26 USCS § 408A]; or
>
>   **(ii)** the annuity—
>
>   **(I)** is irrevocable and nonassignable;
>   **(II)** is actuarially sound (as determined in accordance with actuarial publications of the Office of the Chief Actuary of the Social Security Administration); and

7

>    **(III)** provides for payments in equal amounts during the term of the annuity, with no deferral and no balloon payments made.

42 U.S.C. § 1396p(c)(1)(G).

However, courts have questioned the applicability of this provision to the circumstances here. See Carlini v. Velez, No. 12-7290, 2012 WL 2403569, at *4 n.3 (D.N.J. June 4, 2013). They reasoned that the provision's annuity definition only applies to annuities where the purchaser of the annuity is the same individual that is the applicant for the Medicaid program. Id. (citing to language that "the term assets includes an annuity purchased by or on behalf of an annuitant who has applied for medical assistance")(emphasis added). And, here, the purchaser is Mr. Flamini and the applicant is the Plaintiff. This Court need not resolve this issue at this time. Whether the provision applies, or not, Plaintiff has demonstrated a likelihood of success on the merits.

If the provision does not apply, courts have consistently held that an irrevocable, non-assignable annuity does not fit the statutory definition of an available resource. James v. Richman, 547 F.3d 214, 219 (3d Cir. 2008); Lopes v. Dep't of Soc. Servs., 696 F.3d 180, 188 (2d Cir. 2012)(holding that "payment stream from a non-assignable annuity is not a resource for purposes of determining Medicaid eligibility" and joining Tenth and Ninth Circuits in so holding). And, here, the

Endorsement, which controls over any conflicting provision in the Annuity, specifically bars assignment or sale and indicates that the Annuity is non-forfeitable.  Therefore, Plaintiff has demonstrated a likelihood of success in showing that the Annuity is not an available resource because it is both non-assignable and irrevocable.

Even if the provision applies, it would not alter the result.  Defendants argues that, under § 1396p(c)(1)(G), the Annuity is considered an asset and therefore an available resource for eligibility determination purposes.  Plaintiff does not dispute that, if the Annuity is an asset, it should be considered an available resource.  She instead argues that she has a likelihood of demonstrating that three different exceptions apply that would exclude the Annuity from being defined as an asset. She argues that: (1) the Annuity is in compliance with § 408(b) of the Internal Revenue Code and therefore meets the exception outlined in § 1396p(c)(1)(G)(i)(I); (2) the Annuity was purchased with proceeds from a tax-qualified retirement account and therefore meets the exception outlined in § 1396p(c)(1)(G)(i)(II); (3) the Annuity is irrevocable, nonassignable, actuarially sound, and provided for equal payments with no balloon payments, thus meeting the exception outlined in § 1396p(c)(1)(G)(ii).

9

With respect to Plaintiff's first argument, this Court agrees. Defendant has failed to point to any provisions of § 408(b) that the Annuity would violate. Moreover, pursuant to the Endorsement, the Annuity is intended to be interpreted to be in accord § 408(b) and specifically bars forfeitability and assignability as required by § 408(b). Finally, the IRS letter provides strong evidence that the Annuity is acceptable under § 408. With respect to Plaintiff's second argument, this Court agrees. Defendant has not disputed the applicability of this provision. And Plaintiff introduced evidence documenting that Mr. Flamini used proceeds from qualifying individual retirement accounts to purchase the Annuity. With respect to Plaintiff's third argument, this Court disagrees. That exception requires annuities, among other things, to prohibit balloon payments. But the Annuity allows lump sum withdrawals of up to twelve months, which would qualify it as a balloon payment. 12 C.F.R. § 1026.18(s)(5)(i)(defining balloon payment as "a payment that is more than two times a regular periodic payment").  Therefore, Plaintiff would qualify for at least two exceptions if 1396p(c)(1)(G) applies.  Accordingly, Plaintiff has a likelihood of success in demonstrating that the Annuity is not an available resource, even if 1396p(c)(1)(G) applies.

Because Plaintiff has shown a likelihood of success on her claim that the Annuity is not an available resource, Plaintiff has demonstrated a likelihood of success on the merits.

### 2. Irreparable Harm

Irreparable harm requires a plaintiff to show that he or she will experience harm that cannot adequately be compensated by monetary damages. AAMCO Transmissions, Inc. v. Dunlap, 11-4009, 2011 U.S. Dist. LEXIS 91130 at *22 (E.D. Pa. Aug. 16, 2011) (citing Adams v. Freedom Forge Corp., 204 F.3d 475, 484-85 (3d Cir. 2000)).

Flamini has met this requirement. The Eleventh Amendment provides state immunity from awards of retroactive benefits, save for the three months immediately preceding an outcome in the plaintiff's favor. Sorber v. Velez, 09-3799, 2009 U.S. Dist. LEXIS 98799 (D.N.J. Oct. 23, 2009) (citing Edelman v. Jordan, 415 U.S. 651 (1974)). As such, Flamini will not be able to recover full compensation with a favorable verdict and would be irreparably harmed in the absence of an injunction. Carlini v. Velez, 12-7290, 2013 U.S. Dist. LEXIS 78160 (D.N.J. June 4, 2013)(finding irreparable harm in agency determination that annuity purchase was subject to Medicaid eligibility penalty period due to Eleventh Amendment restrictions on recovery).[1]

---

[1] Flamini also argues irreparable harm through a risk of discharge from nursing care facility. Since the Court finds irreparable harm above, it is not necessary to address the merits of this argument.

3.  Harm to the Defendant

A preliminary injunction should not be granted if it will cause greater harm to the defendant than the plaintiff would suffer. Sorber, 2009 U.S. Dist. LEXIS 98799 at *4 (citing Nutrasweet Co. v. Vit-Mar Enters., 176 F.3d 151 (3d Cir. 1999)). Defendants cite out-of-pocket expenses, but temporary expenses which could be fully recovered after a full disposition of this case do not outweigh the irreparable harm faced by Plaintiff. Therefore, the harm to the defendant does not weigh in favor of Defendants.

4.  The Public Interest

The parties agree that the public has an interest in ensuring that Medicaid statutes are enforced correctly and equitably. Here, because Plaintiff's interpretation appears correct and Defendants appear to have erroneously interpreted Plaintiff's entitlement to Medicaid, the public interest weighs in favor of granting an injunction. See Sorber, 2009 U.S. Dist. LEXIS 98799 at *11-12 (holding the interest in requiring the state to refrain from applying transfer penalty rules to compliant asset transfers to children supported an injunction); see also Carlini, 2013 U.S. Dist. LEXIS 78160 (finding public

interest in ensuring Medicaid statues applied equitably weighed in favor of an injunction).[2]

IV. Conclusion

For all the reasons discussed above, Plaintiff has established her entitlement to a preliminary injunction on her second claim, but not her first claim. Accordingly, Plaintiff's motion for a preliminary injunction is GRANTED, in part, and DENIED, in part.  The parties shall jointly propose to the Court a suitable bond requirement, or notify the Court that such agreement cannot be reached, by August 2, 2013.  See Federal Rule of Civil Procedure 65(c)(requiring the posting of a security).

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Date: July 19, 2013

---

[2] Defendants argue that this result is against the public interest because it inappropriately allows Plaintiff, and others that are similarly situated, to "circumvent the Medicaid eligibility rules." But that argument presupposes that the Flaminis' structuring of their financial assets represents a circumvention of the law.  In fact, the law appears expressly designed to permit this specific type of structuring without threatening to compromise Medicaid eligibility.

13