NOT FOR PUBLICATION                                [Docket No. 41]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ELIZABETH FLAMINI,<br><br>              Plaintiff,<br><br>   v.<br><br>JENNIFER VALEZ et al.,<br><br>              Defendant. | Civil No. 12-7304 (RMB/JS)<br><br>**OPINION** |

APPEARANCES:

Jane M. Fearn-Zimmer
The Rothkoff Law Group
911 Kings Highway South
Cherry Hill, NJ 08034
    Attorneys for Plaintiff

Jennifer Lauren Finkel
State of New Jersey
Office of the Attorney General
P.O. Box 112
25 Market Street
Trenton, NJ 08625
    Attorneys for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiff Elizabeth Flamini has moved for attorney's fees pursuant to Local Civil Rule 54.1 [sic].[1]  For the reasons set forth below, Plaintiff's motion is denied.

---

    [1] Local Rule 54.1 deals with costs and Local Rule 54.2 deals

1

I. **Background:**

The facts underlying this matter are well known to the parties. For purposes of the instant motion, the Court will recite only those facts relevant for its resolution.

In 2010, Plaintiff entered a skilled nursing care facility in Cherry Hill, New Jersey for various medical conditions. (Docket No. 17, p. 2.) When Plaintiff entered the facility, her and her husband's assets included two individual retirement accounts and a tax-qualified savings account, all in the name of Mr. Flamini. (Id.) On February 28, 2011, Mr. Flamini liquidated these accounts and used the proceeds to purchase a single individual retirement annuity from Genworth Life Insurance Company for $215,256.51, (the "Annuity"). (Id. at pp. 2-3.) The Annuity was issued in Mr. Flamini's name and calls for monthly income payments of $3,596.35 for a term of five years, beginning on March 28, 2011, (Docket. No. 1, pp. 28.)

On June 2, 2011, Plaintiff applied for Medicaid with the Camden County Welfare Agency (the "CWA"). (Docket No. 41 at 2.) In determining Medicaid eligibility for a married individual that is institutionalized, like Plaintiff, the CWA considers the

---

with attorney's fees.

individual's own income and the couple's joint resources. 42 U.S.C. § 1396r-5. On January 22, 2013, Plaintiff filed a motion for a preliminary injunction with this Court, seeking to enjoin Defendants from: (1) treating the Annuity as a disposal of assets for less than fair market value; and (2) considering the Annuity in its asset calculation. (Docket No. 6.)

On January 23, 2013, Flamini was issued a determination that she was not eligible for Medicaid based on her available resources level. (Docket No. 43 at 2-3.) The denial stated that the Annuity was being counted as an available asset. (Id.) On July 19, 2013, this Court granted Plaintiff's motion for a preliminary injunction in part and enjoined Defendants from counting the Annuity as an available resource.[2] In so doing, this Court held that "[b]ecause Plaintiff has demonstrated a likelihood of success on her claim that the Annuity is not an available resource, Plaintiff has demonstrated a likelihood of success on the merits." (Docket No. 23 at 11.)

In drawing the conclusion of likelihood of success on the merits, this Court did not resolve the ultimate issue of whether

---

[2] The Court denied the motion to the extent Plaintiff sought to enjoin the Defendants from treating the Annuity as a disposal of assets for less than fair market value, finding that the issue was not yet ripe for adjudication. (Docket No. 23 at 5-6.)

3

or not the Annuity should be treated as an available resource under 42 U.S.C. § 1396p(c)(1)(G), finding that it "need not resolve this issue at this time . . . [and] [w]hether the provision applies, or not, Plaintiff ha[d] demonstrated a likelihood of success on the merits." (Docket No. 23 at 8.)  No determination on the merits of Plaintiff's claim regarding the Annuity as an available resource was provided by this Court in its preliminary injunction decision.

After the preliminary injunction issued, Plaintiff received a notice from the CWA, dated August 7, 2013 stating, in relevant part, that "[p]ursuant to the Federal District Court decision enjoining defendants from treating the annuity as a resource, in order to continue processing your Medicaid application, we require additional information from you . . . ." (Docket No. 50, Pl.'s Sur-reply Br. at 11.)  On September 6, 2013, the CWA issued another Medicaid denial determination, finding that Plaintiff was still ineligible for Medicaid <u>even when the Annuity was not counted</u>.[3] (Pl.'s Br., Docket No. 41 at 5; Defs.' Br., Docket No. 43 at 5)(emphasis added).  Plaintiff then reapplied for benefits.

---

[3] This notice was later corrected on October 1, 2013 and October 17, 2013 due to errors irrelevant to the current analysis.

4

By November 1, 2013, Plaintiff's husband had spent the couple's assets down below the Medicaid limit. (Id.) On January 4, 2014, the CWA approved Plaintiff's Medicaid eligibility effective November 1, 2013. (Id. at 6.) Because Plaintiff had been found eligible for Medicaid, this Court entered an Order dismissing the case as moot on September 30, 2014. (Docket No. 49.)[4]

Following this dismissal, Plaintiff filed the current motion for attorney's fees arguing that she is the prevailing party and entitled to an award under 42 U.S.C. § 1988.

II.  **Applicable Standard:**

It is the tradition of American courts that fees and costs are normally not awarded to the prevailing party in civil litigation. Polonski v. Trump Taj Mahal Ass'n, 137 F.3d 139, 145 (3d Cir. 1998). However, such awards may be authorized by statute, contract, or other exceptional circumstances. Id. One statute authorizing fee awards, 42 U.S.C. § 1988, provides that, "In any action or proceeding to enforce [certain federal

---

[4] During the September 30, 2014 hearing on this matter, the Court found that Plaintiff had not pled a claim for a continuing delay in the processing of Plaintiff's Medicaid application. See Sept. 30, 2014 Tr. at 3:20-4:8. Plaintiff has conceded this point. Id.

5

statutes including 42 U.S.C. § 1983],[5] the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

A "prevailing party" is not necessarily a lawsuit's winner. <u>Texas State Teachers Ass'n v. Garland Independent School Dist.</u>, 489 U.S. 782, 790, 792-93 (1989)("the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.")  Rather, a party is considered "prevailing" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." <u>Lefemine v. Wideman</u>, 133 S. Ct. 9, 11 (2012)(quoting <u>Farrar v. Hobby</u>, 506 U.S. 103, 111-12 (1992)).  In other words, "parties are considered prevailing parties if 'they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" <u>J.O. ex rel. C.O. v. Orange Tp. Bd. of Educ.</u>, 287 F.3d 267, 271 (3d Cir. 2002) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)); <u>see also</u> <u>Singer Mgmt. Cons'ts, Inc.</u>

---

[5] Plaintiff's Complaint seeks relief pursuant to 42 U.S.C. § 1983. <u>See</u> Docket No. 1 at ¶ 35.

v. Milgram, 650 F.3d 223 (3d Cir. 2011).

The Third Circuit has held that "relief on the merits achieved in the form of a preliminary injunction can confer 'prevailing party' status . . . under appropriate circumstances . . . ." People Against Police Violence v. City of Pittsburgh, 520 F.3d 226, 232 (3d Cir. 2008)("PAPV").  The Third Circuit has found, however, that "the 'merit's requirement is difficult to meet in the context of TROs and preliminary injunctions, as the plaintiff in those instances needs only to show a likelihood of success on the merits (that is, a reasonable chance, or probability of winning) to be granted relief."  Singer, 650 F.3d at 229.  "[A] court's finding of 'reasonable probability of success on the merits' is not a resolution of 'any merit-based issue.'"  Id. (quoting John T. v. Del. County, 318 F.3d 545, 559 (3d Cir. 2003)).

Moreover, the catalyst theory, "whereby attorneys' fees could be awarded in circumstances where defendants voluntarily changed their behavior to eliminate the complained-of conduct" is no longer governing law.  UNITE HERE, Local 54 v. City of Atlantic City, No. 11-6273, 2012 U.S. Dist. LEXIS 58405, at *8 (D.N.J. Apr. 26, 2012); see Singer, 650 F.3d at 231-32 (noting that the catalyst theory is no longer good law).  Instead, "the

7

Third Circuit, like the Supreme Court, has 'identified two resolutions that establish prevailing party status eligibility: (1) judgments on the merits, and (2) court-ordered consent decrees (including settlement agreements enforced through consent decrees).'" Id. (quoting Singer, 650 F. 3d at 228).

III. **Analysis**:

Plaintiff contends that she is the prevailing party under 42 U.S.C. § 1988 because of her success in obtaining the preliminary injunction which, she argues, materially altered the legal relationship of the parties.  (Pl.'s Reply Br., Docket No. 44 at 3.)  Plaintiff states that "[i]n its July 19, 2013 Opinion and Order, the Court ordered the State to process the Medicaid application of Elizabeth Flamini and enjoined the State from treating the annuity as a countable resource."  (Pl.'s Br., Docket No. 41 at 8.)  Nowhere in the prior Opinion, however, did this Court direct the State to "process the Medicaid application of Elizabeth Flamini" or provide a timeline for doing the same. Instead, this Court only held that Plaintiff was entitled to a preliminary injunction with respect to treating the Annuity as a countable resource.[6]

---

[6] Any arguments regarding the timeline and/or delays in

8

Plaintiff contends that "[w]ithout the July 19, 2013 determination, the . . . notice that Mrs. Flamini was ineligible for Medicaid due to her husband's ownership of the . . . [A]nnuity, would never have been set aside, and the [P]laintiff could never have been determined eligible for Medicaid on any Medicaid application . . . ."  (Pl.'s Reply Br., Docket No. 44 at 6.)  Plaintiff further contends that any assertion by Defendants that they "voluntarily" determined Plaintiff's Medicaid eligibility on January 4, 2014 is inconsistent with the record, as the July 19, 2013 injunction Order was responsible for "tipp[ing] the balance in favor of the award of Medicaid to Elizabeth Flamini."  (Pl.'s Sur-reply, Docket No. 50 at 7.)[7]

---

processing Plaintiff's Medicaid application are misplaced as Plaintiff never included a count in her Complaint regarding the alleged delay in processing the Complaint.  Again, Plaintiff admitted this at oral argument.  See Sept. 30, 2014 Tr. at 3:20-4:8.  As such, any arguments presented by Plaintiff regarding the impact of this Court's July 19, 2013 Order on the timeline for processing Plaintiff's application are irrelevant for purposes of the instant motion.

[7] The Court hastens to note that during the oral argument held on October 24, 2013, Plaintiff admitted that even without counting the Annuity, she was still $16,000 over the Medicaid eligibility limit.  In other words, even without the Court's ruling, Plaintiff was still ineligible, thus undermining Plaintiff's argument that the Court's injunction Order was pivotal in tipping the balance in favor of Plaintiff.  Moreover, Plaintiff's counsel admitted at oral argument that she believed at the time of the filing of the Complaint that Plaintiff would be eligible for Medicare if the Annuity were not counted.  Plaintiff's counsel, however, was mistaken, as she candidly

9

Plaintiff appears to embrace a catalyst theory, stating that there was no "voluntary" action on the part of the Defendants, who only issued the January 4, 2014 Medicaid eligibility determination because of the preliminary injunction.

Citing Singer, the Defendants argue that, to sustain a fee award, there must be a determination on the merits in addition to a change in the parties' legal relationship as a result of judicial action. (Defs.' Br. at 12-13.) Defendants oppose Plaintiff's request for fees, arguing that "the CWA's voluntary actions mooted the relief sought in [P]laintiff's Complaint and there was never a final adjudication on the merits granting the relief sought in her Complaint." (Id. at 9.) Finally, Defendants argue that the Court's preliminary injunction "did not cause a material alteration of the legal relationship of the parties as CWA voluntarily decided to reevaluate plaintiff's eligibility and found that notwithstanding the annuity contract the Flaminis had resources in excess of the eligibility limit." (Id. at 14.)

Even assuming that this Court were to agree with Plaintiff that this Court's Opinion and Order granting, in part, her

---

admitted to the Court.  Instead, it was Plaintiff's own proper recalculation and spending of her excess resources that ultimately led to a finding of eligibility.

10

request for a preliminary injunction changed the legal relationship between the parties in a material way, she has, nevertheless, failed to prove prevailing party status; there was no judgment on the merits contained in the injunction Opinion. While this Court's Opinion and Order granting the preliminary injunction with respect to the Annuity may have resulted in a finding of Medicaid eligibility once the Plaintiff spent down her resources, the fact remains that this Court never made a determination on the merits of Plaintiff's claims.  Because Plaintiff did not obtain a judgment on the merits of her claim, she is not entitled to attorney's fees.  Singer, 650 F.3d at 230 n.5 ("As we have explained, [plaintiff] did not obtain a judgment on the merits of its claim.  Without that, it is simply not entitled to attorney's fees.")

   Because this Court had made no merits determination, it specifically requested that the Plaintiff address the holding in Singer and its impact on her fees application at the September 30, 2014 hearing in this case.  In Plaintiff's sur-reply addressing the implications of the Third Circuit's decision in Singer, Plaintiff points to several cases that ultimately fail to support her argument that a material change in the legal

11

relationship of the parties will suffice without an adjudication on the merits.[8]

For example, Plaintiff cites to the Third Circuit's decision in PAPV as distinguishable from Singer. In PAPV, an award of attorney's fees was upheld, and Plaintiff argues that the injunctive relief award itself in PAPV constituted a merits based determination. In PAPV, however, the District Court that initially decided the matter concluded that the ordinance at issue was facially unconstitutional under the Fourth Amendment in addition to granting temporary injunctive relief. PAPV, 520 F.3d at 229. Thus, there was a merits determination in PAPV unlike the circumstances before this Court. In other words, the PAPV Court went beyond just a finding of likelihood of success on the merits.

Plaintiff's heavy reliance on the Supreme Court's decision in Lefemine v. Wideman, 133 S. Ct. 9 (2012), is similarly misplaced. There is a critical distinction between Lefemine and the instant matter, which Plaintiff fails to draw. In Lefemine,

---

[8] Several of the cases cited by Plaintiff are outside of the Third Circuit and, therefore, not binding precedent on this Court. See e.g., Rogers Group v. City of Fayetteville, 683 F.3d 903 (8th Cir. 2012); Preservation Coalition v. Fed. Transit Admin., 356 F.3d 444 (2d Cir. 2004). These cases also pre-date the Supreme Court's decision in Lefemine, discussed herein.

the plaintiff had engaged in protests using graphic signs and had been threatened by the County police, which caused plaintiff to cease his activities.  Plaintiff then filed a complaint under 42 U.S.C. § 1983 against the County police alleging violations of his First Amendment rights.  The District Court ruled on the parties' respective motions for summary judgment and "determined that the defendants had infringed on [plaintiff's] rights," but denied attorney's fees.  Id. at 10.  The Fourth Circuit affirmed.  The Supreme Court overturned the decision and awarded attorney's fees, finding that plaintiff was the prevailing party where the Court found the District Court's ruling "worked the requisite material alteration in the parties' relationship." Id. at * 11.

    Plaintiff relies heavily on this language regarding the "requisite material alteration", arguing that a change in the parties' relationship is sufficient for a fee award.  It is critical to note, however, that in Lefemine, unlike this case, the District Court had ruled on the parties' respective motions for summary judgment and "determined that the defendants had infringed on [plaintiff's] rights." Id. at 10.  The District Court permanently enjoined the defendants from engaging in certain restrictions of plaintiff's behavior.  Id.  Thus, there

13

was an adjudication on the merits of the plaintiff's claim in Lefemine that remains absent here; again, an award of attorney's fees in favor of Plaintiff is not appropriate.  Id. at 11 (a party is considered "prevailing" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.")(emphasis added)(quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)); see Dececco v. UPMC, No. 12-272, 2012 U.S. Dist. LEXIS 179556, at *8 (W.D. Pa. Dec. 19, 2012)(declining to award attorney's fees where the court had not ruled on the merits of plaintiff's claims and distinguishing Lefemine, stating that in Lefemine, the holding "was on the merits and modified the defendants' behavior in a way that directly benefitted the plaintiff because he could now engage in protest."); see also Sixth Angel Shepherd Rescue, Inc., v. Bengal, No. 10-1733, 2013 U.S. Dist. LEXIS 135385 (E.D. Pa. Sept. 23, 2013)(awarding fees where "[i]n granting plaintiffs' motion for a preliminary injunction, th[e] Court made a merits-based determination that entitles plaintiffs to attorney's fees.")

    Again, Plaintiff relies on language in several of the above-cited cases regarding material change in relationships but

14

ignores portions of those decisions imposing a requirement of an adjudication on the merits.  In sum, while Plaintiff may have established that the relationship between the parties changed in a material way as a result of the preliminary injunction, she has failed to demonstrate how this Court entered a decision on the merits as required.  <u>Singer</u>, 650 F.3d at 229 ("a court's finding of 'reasonable probability of success on the merits' is not a resolution of 'any merits-based issue.'")  Her application for attorney's fees is, therefore, denied.

IV.    **Conclusion:**

For the aforementioned reasons, this Court finds that Plaintiff's motion for attorney's fees will be denied.  An appropriate Order will issue this date.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated:    <u>January 23, 2015</u>

15